HARPER v. MAPLE HEIGHTS CONSTRUCTION CO. et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7890. Decided Dec. 19, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

829. NEGLIGENCE—Where plaintiff, on fishing trip, passes through amuesment park not open to public, employees of amusement company owe him no duty other than to bare licensee.

Middleton, PJ. and Mauck and Thomas, JJ., of the 4th Dist., sitting.

Error to Common Pleas.

Judgment affirmed.

John H. McNeal, Cleveland, for Harper.

Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for Construction Co.

FULL TEXT.

THOMAS, J.

Error is prosecuted from the Court of Common Pleas on the overruling of a motion for a new trial of this cause. At the conclusion of plaintiff's testimony in the trial court, a motion for a directed verdict in favor of the defendant was sustained. A motion for a new trial followed and the above finding was made.

It is unnecessary to enter into an extended discussion of the reasons given by the trial court in passing upon said motions. The learned judge of that court has fully supplied all the argument that is necessary to sustain his position. His opinion is set forth in the brief of defendant in error. The finding of the lower court on the question of contributory negligence on the part of the plaintiff in error is approved by this court. We may add that, in our opinion, the record does not disclose any negligence on the part of the defendant in error, inasmuch as the plaintiff was not a patron of the defendant at that time. He did not go to the place in question to visit the park. He went on a fishing trip to Geauga Lake and saw fit to pass over the land where defendant was employed. Before and at the time he admits that he was well acquainted with the park. When he arrived there in midday, he saw that the park had not yet been opened to the public. Ditches and other construction work were obvious at every hand.

Two of the three gates were locked. No employee of defendant was seen on the grounds at the time. There was no one to extend an invitation to the plaintiff, either express or implied. During the day he crossed and recrossed the grounds four or five times. He knew of the existence of the ditch or ditches and could easily have observed their courses. The last time he crossed a ditch it was very dark so that he had to strike matches to light his way across it. He deviated from the path he had theretofore taken, and whether he fell into the ditch where, by his own testimony he claimed to have fallen, or at some other point where his own witnesses say he fell, is not material. He went from his companions to the lake in darkness and had he returned in the same way, he probably would not have been injured. There was no duty that the defendant owed to him under the circumstances, other than to a bare licensee. In fact it is questionable whether under all the circumstances he was not a trespasser.

The judgment of the lower court is affirmed.

(Middleton, PJ. and Mauck, J., concur.)